IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 13-CR-00083 |
| | : | |
| DAVID THOMAS MATUSIEWICZ, | : | |
| LENORE MATUSIEWICZ, and | : | |
| AMY GONZALEZ, | : | |
| Defendants. | : | |

MCHUGH, J.                                                                                                                                              MARCH 10, 2015

**MEMORANDUM**

As a set forth in a related memorandum issued this date, this is a prosecution for conspiracy and cyberstalking arising out of the murder of Christine Belford at the hands of her father-in-law, Thomas Matusiewicz, on February 11, 2013, in the lobby of the New Castle County Courthouse. The matter was originally assigned to the Hon. Gregory Sleet. Judge Sleet presided until the government produced a document containing the abbreviation "H.L.," which it alleges is a "hit list" containing both the name of the victim, Christine Belford, and Judge Sleet's name,[1] along with other leading members of the Delaware community.[2] Understandably, this revelation caused Judge Sleet to recuse himself, leading to reassignment of this matter to a judge outside the District of Delaware. Needless to say, the case is before me in an unusual posture.

---

[1] Judge Sleet had previously sentenced Thomas Matusiewicz, Christine Belford's husband, to federal prison for kidnapping his three children and taking them to Central America.

[2] Once again, it bears emphasis that Defendants vigorously dispute the government's characterization of the document as a "hit list."

1

The motion under consideration addresses the order entered by Judge Sleet recusing himself from this case. Defendants contend the order simultaneously granted a change of venue outside Delaware. For the reasons that follow, Defendants' Motion to "enforce" that order will be denied.

Judge Sleet entered the order in question on September 12, 2014. It addresses three separate motions: a Motion for Recusal filed by Defendant David Matusiewicz; a Motion for Transfer and Recusal filed by Defendant Amy Gonzalez; and a Motion to Join in those motions filed by Defendant Lenore Matusiewicz.

After assignment to this action, I conducted a status conference with all counsel in Wilmington, Delaware, on October 30, 2014. The purpose was to become familiar with the status of the case so as to proceed in an efficient manner. At that first status conference, counsel for Defendant Gonzalez advanced the position that Judge Sleet had not only recused himself, but had also granted a change of venue. The government contested that position. Given the extraordinary nature of the recusal, namely, an allegation that Judge Sleet might have been the target of a death threat, I advised counsel that I would not engage in any *ex parte* communications with him about substantive legal issues in the case. All counsel agreed to such a procedure. At the same time, I granted the Parties leave to brief the nature and effect of Judge Sleet's order.

On its face, the order of September 12, 2014, is subject to the literal interpretation urged by Defendants. It states, in part: "Amy Gonzalez's Motion for Transfer and Recusal (D. I. 115) is GRANTED." The government contends that such a reading of the order would be superficial and misleading. First, it argues that that once it became clear Judge Sleet needed to recuse himself, it would have been improper for him to rule on any substantive legal issues, see Moody

2

v. Simmons, 858 F.2d 137, 143-144 (3d Cir. 1988), and a judge of his experience and reputation would clearly not have made such an error. Second, the government argues that the accompanying memorandum opinion issued by Judge Sleet did not address the issue of transfer, and, had it been his intention to transfer the case, he would undoubtedly have set forth the reasons for his decision as required by binding appellate precedent. See In re United States, 273 F.3d 380, 389 (3d Cir. 2001) (vacating a district court's transfer of venue order because the court did not adequately explain its reasoning).

On December 4, 2014, Judge Sleet helped clarify the record in this case when he docketed an Amended Order, stating as follows: "Amy Gonzalez's Motion for Transfer and Recusal (D. I. 115) is GRANTED-in-part." That sentence, which appears in the body of the amended order, was further amplified by a footnote stating: "The court grants Amy Gonzalez's Motion (D. I. 115) as to recusal only." At a subsequent status conference conducted by telephone on December 9, 2014, I reiterated to all counsel that I had not communicated with Judge Sleet, and received confirmation that no one affiliated with either the prosecution or the defense had engaged in any further communication with him.

It is clear that, following recusal, a judge retains the power to enter ministerial orders that are meant to facilitate the reassignment of a case. Moody, 858 F.2d at 143; Selkidge v. United of Omaha Life Ins. Co., 360 F.3d 155 (3d Cir. 2004). The Amended Order here does not address the merits of Defendants' renewed Motions to Transfer Venue; it neither grants nor denies those motions. Rather, it corrects the wording of the order of September 12, 2014, to clarify the limited scope of Judge Sleet's ruling, extending only to recusal, and not the broader question of where trial should be held. In practical terms, it is easy to discern how the ambiguity in the earlier order arose. Defendant Gonzales' Motion was captioned "Motion for Transfer and

Recusal." It is common practice to conform a court's order to the title of the motion being addressed, and I am persuaded that such a convention was followed here, creating ambiguity only because of the unusual posture of the case.

The lapse in time between the order of recusal and the amended order of clarification is of no concern, as the amended order was issued by Judge Sleet after all of Parties' briefing on this issue had been publicly docketed, which was the first point that it would have been timely for him to act.

I find no fault in defense counsel's efforts to seek enforcement of the order according to its literal terms. Their duty of zealous representation required no less. I am convinced, however, that Judge Sleet intended to reserve consideration of Defendants' renewed Motions for Transfer to whatever judge would assume jurisdiction following his recusal, as would be expected under controlling precedent.

Accordingly, an order denying the Motion to Enforce will be entered.

United States District Court Judge